Steven S. Tervooren, Alaska Bar No. #7910085
HUGHES WHITE COLBO
& TERVOOREN, LLC
1029 West 3rd Avenue, Suite 110
Anchorage, Alaska, 99501
Phone No.: 907-274-7522
Fax No.: 907-263-8320
Email: stervooren@hugheswhite.com

Attorneys for Defendant
Ford Motor Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVIS ROBBINS,<br><br>        Plaintiff,<br><br> vs.<br><br>FORD MOTOR COMPANY,<br><br>        Defendant. | **NOTICE OF REMOVAL**<br><br>Case No. 3:21-cv-00165-JMK |

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA AND PLAINTIFF TRAVIS ROBBINS AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 Defendant Ford Motor Company ("Ford") hereby removes to this Court the case now pending in the Superior Court of the State of Alaska, Third Judicial District at Anchorage , captioned as *Travis Robbins v. Ford Motor Company*, Case No. 3AN-21-06167CI

As grounds for removal, Defendant Ford states as follows:

## TIMELINESS OF REMOVAL

1. On May 28, 2021, Plaintiff filed a Complaint in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, captioned *Travis Robbins v. Ford Motor Company*, Case No. 3AN-21-06167CI. A copy of the Complaint is attached hereto as Exhibit A.

2. Ford was served the Summons and Complaint via certified mail on 6/17/2021. A copy of the Summons is attached hereto as Exhibit B.

3. Ford has filed this Notice of Removal within thirty (30) days after service of the Summons and Complaint on Ford. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

4. Ford has attached a copy of all process, pleadings, orders, and other documents on file with the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

## GROUNDS FOR REMOVAL

5. This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332, and, therefore, one that may be removed to this Court under the provisions of 28 U.S.C. § 1441 and § 1446. Removal is permitted under § 1441 when complete diversity of citizenship exists between Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, Plaintiff's Complaint states that Plaintiff Travis Robbins resides in

the state of Alaska at Anchorage (Complaint ¶1). Ford Motor Company is organized under the laws of Delaware (Complaint ¶2). and its principal place of business is in the state of Michigan. The dollar amount sought by Plaintiff is not specified in the Complaint but the Complaint includes a request for an injunction requiring Ford to repurchase the subject vehicle (Compl., Prayer for Relief ¶1) which had an MSRP of $79,185[1], plus statutory treble damages and actual attorney fees under the Alaska Unfair Trade Practices and Consumer Protection Act. AS 45.50.471. (Compl., ¶¶ 26-27), Prayer for Relief ¶2., plus punitive damages (Compl., Prayer for Relief ¶5)

6. When the total amount of damages is not specified, the notice of removal need include only a plausible allegation that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). In *Goldberg v. CPC International Inc.*, the Ninth Circuit held that "attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant." 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied,* 459 U.S. 945 (1982); *see e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (finding that removal was appropriate because, although the Complaint did not specify a total amount in controversy, it was more likely than not that the total amount would exceed the jurisdictional minimum because, in part, the Plaintiffs sought attorney fees in addition to punitive and exemplary damages);.*see also Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202 (1933). This Court has likewise held that,

---

[1] A copy of the vehicle "Moroney" sticker is attached as Exhibit C hereto. Note that the VIN number on Exhibit C matches the VIN number recited in paragraph 5 of the Complaint.

in calculating the amount in controversy, a court may consider a "potential award of attorneys' fees if such fees are authorized by statute." *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149-50 (D. Nev. 2004).

7. In addition, Plaintiff seeks "statutory damages," which is premised upon Plaintiff's allegations seeking damages under Alaska Statutes 45.50.471 (the Alaska Unfair Trade Practices and Consumer Protection Act), which is a claim for treble damages. *See* Complaint, Count I, ¶¶20-23 and 24-27[2], and Prayer for Relief ¶3.

8. In addition, Plaintiff seeks punitive damages. Complaint, Prayer for Relief ¶5.

9. In addition, Plaintiff seeks general and special damages. Complaint, Prayer for Relief ¶2.

10. Although the Complaint is artfully worded to avoid expressly reciting a damage demand in excess of $75,000, the Complaint seeks to recover the cost of the vehicle ($79,185), treble that amount as statutory damages, actual attorney's fees under the pled statute, punitive damages, and other general and special damages.

**NOTICE OF REMOVAL TO STATE COURT AND TO ADVERSE PARTIES**

11. Written notice of the filing of this Notice of Removal will promptly be served on all other parties as required by 28 U.S.C. §1446(d).

---

[2] Counts I and II of the Complaint appear to be largely duplicative in nature. Count I references AS 45.50.471 (the Alaska Unfair Trade Practice and Consumer Protection Act). Count II references AS 45.50.417, which does not exist, and which Ford assumes is merely a transposition of numbers intended to reference AS 45.50.471.

12. Ford will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of Alaska, Third Judicial District at Anchorage as required by 28 U.S.C. §1446(d).

### **VENUE**

13. Venue of this action in the District Court for the District of Alaska is proper, as this is the district and division in which the State court action is pending. 28 U.S.C. §§ 117, 1446(a), and 1454(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, Defendant Ford Motor Company respectfully requests that this civil action be removed from the Superior Court for the State of Alaska, Third Judicial District at Anchorage to the United States District Court for the District of Alaska

DATED at Anchorage, Alaska, this 12th day of July, 2021

        HUGHES WHITE COLBO
        & TERVOOREN, LLC
        Attorneys for Defendant
        Ford Motor Company

        By:   /s/ Steven S. Tervooren
                 Steven S. Tervooren
                 ABA No. 7910085

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through ECF this 12th day of July, 2021 to:

Daniel I. Pace
Pace Law Offices
101 E 9th Ave, Ste 7A
Anchorage, AK 99501
dan@pacelawoffices.com


/s/ Steven S. Tervooren